## WICHITA FALLS BUILDING & LOAN ASS'N et al. v. COWLING et al.

### No. 12383.

Court of Civil Appeals of Texas. Fort Worth.

April 25, 1932.

E. M. Mann, of Wichita Falls, for appellants.

Milburn E. Nutt and Kay & Akin, all of Wichita Falls, for appellees.

CONNER, C. J.

With one exception, to be hereinafter noted, we think appellees in their brief sufficiently answer and refute all propositions of error upon which appellants base this appeal. We will therefore not undertake the extended discussion that would be necessary to dispose of each proposition in its order, but content ourselves by adopting the trial court's findings of fact and conclusions of law, excepting only a modification necessitated by an error complained of in appellants' third proposition.

The court rendered judgment in appellees' favor for $287.28 as the aggregate amount of principal and interest due on the certificate. This is 90 per cent. of the cost of the improvements by virtue of the certificate in question, instead of 75 per cent. as authorized by article 1088, Rev. Civ. Statutes. This is urged as error in appellants' third proposition.

The question of whether such an excess is authorized was also presented in the case of Elizabeth Huff v. City of Wichita Falls and certified by this court to the Supreme Court for determination on November 14, 1930. We are now informed in behalf of appellees that the Supreme Court has answered the question as follows [48 S.W.(2d) 580], to wit:

"The city of Wichita Falls did not have the authority, after the adoption of the Street Improvement Act, to assess 98 per cent. of the cost of the improvements against abutting property owners or their property, but was limited to 75 per cent. of such cost, as provided by Revised Statutes, art. 1088.

"[Signed]   C. M. Cureton
"Chief Justice."

It is admitted that the opinion of the Supreme Court is not final, no motion for rehearing having been acted upon. Appellees, nevertheless, for the purpose of obviating the force of the objection and in order to expedite the disposition of the present case, have filed an application to remit as of the date of the judgment below the excess complained of. We think the application should be granted, the remittitur duly entered, and the judgment reformed.

We accordingly conclude that all propositions of error other than proposition 3 should be overruled, the trial court's findings of fact and conclusions of law not in conflict with said opinion of the Supreme Court should be adopted and the judgment reformed, and as so reformed affirmed, with the cost of appeal taxed against appellees, and it is so adjudged.